■ B.O.W. Cleaning Corp. et al., Appellants, v John Doe et al., as Trustees of the Building Service 32-J Pension and Health Funds, Respondents. — Judgment, Supreme Court, New York County (Shainswit, J.), entered on May 8, 1981, denying petitioners' application to stay arbitration and granting

respondents' cross motion to compel arbitration, is unanimously modified, on the law and on the facts, only insofar as to stay arbitration with respect to petitioner B. O. W. Cleaning Corporation (B. O. W.)˙ and the judgment otherwise affirmed, without costs or disbursements. On February 5, 1979 an arbitration award was rendered, on consent, whereby Broadway Window Cleaning Company (Broadway), which is concededly the same corporation as petitioner, B. O. W., agreed to make certain required contributions to respondents' pension and health fund, which were then past due. However, Broadway failed to make any payments pursuant to this award. Several months, thereafter, petitioner York Window Cleaning Company, Incorporated (York), took over the accounts of Broadway. The respondents, as trustees of the pension and health fund, demanded arbitration on the issues of B. O. W.'s nonpayment and York's obligation to assume these payments. The petitioners raised the defense of *res judicata*. As to B. O. W. there is an identity of parties, the prior award and the present demand for arbitration are based on nonpayment for the same period and the amount sought is identical except for the difference in liquidated damages, which difference is attributable to the passage of time. Therefore, this asserted defense was timely raised and bars this second attempt to arbitrate an already decided issue *(Rembrandt Inds. v Hodges Int., 38 NY2d 502)*. However, the same cannot be held as to petitioner York. Although York attempted to completely disclaim any liability for the past debts of B. O. W., a fair reading of a letter dated May 15, 1979, persuades us that the attempt cannot succeed. In that letter the president of York requests the president of the respondent union to make known the liabilities of B. O. W. to the union. York required this information so that "we [York] can insure that payments are provided from the funds which we will be paying to 'Broadway'". Therefore, whether York has obligated itself to pay the past debts of B. O. W. is a proper question for arbitration. In addition, since this is the first effort by respondent to arbitrate this question with York under its separate agreement with York, the principles of *res judicata* are not applicable. Accordingly, the appliation by York seeking to stay arbitration was properly denied. Concur — Sullivan, J. P., Ross, Lupiano, Bloom and Fein, JJ.