■ FARASH CONSTRUCTION CORPORATION, Respondent, v STANNDCO DEVELOPERS, INC., et al., Defendants, and GREGORY D. FERENTINO & ASSOCIATES, Appellants.—Order unanimously reversed on the law without costs, and motion granted, in accordance with the following memorandum: Plaintiff commenced this action in 1983 to recover for property damage to

its apartment building caused by a fire on August 3, 1981. In its seventh cause of action, plaintiff alleged that defendant Ferentino & Associates, an architectural firm, was negligent in designing and supervising the construction of the building which was completed in 1971. It is well settled that an owner's claim against an architect arising out of alleged defective construction of a building, however denominated, accrues for purposes of the Statute of Limitations upon completion of the construction *(Sears, Roebuck & Co. v Enco Assocs.,* 43 NY2d 389, 394; *Sosnow v Paul,* 36 NY2d 780, 782; *Board of Managers v Vector Yardarm Corp.,* 109 AD2d 684, 686). Plaintiff's seventh cause of action for negligence of the architect accrued in 1971 and was untimely commenced in 1983 (CPLR 214 [4], [6]). Thus, Special Term erred in denying defendant's motion for summary judgment dismissing plaintiff's seventh cause of action.

Although defendant Ferentino's notice of appeal recites that it is taken from each and every part of the order, its brief is expressly limited to Special Term's denial of its motion to dismiss plaintiff's seventh cause of action. Thus, we do not reach the issue of Special Term's denial of defendant's motion for summary judgment dismissing the eighth cause of action for constructive fraud. (Appeal from order of Supreme Court, Monroe County, Tillman, J.—summary judgment.) Present— Doerr, J. P., Denman, Boomer, Green and Lawton, JJ.