■ NEW YORK PEPSI-COLA DISTRIBUTORS ASSOCIATION, INC., et al., Appellants, v PEPSICO, INC., et al., Respondents. [659 NYS2d 441] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered July 2, 1996, dismissing the action for failure to state a cause of action, unanimously affirmed, with costs.

The IAS Court properly held that plaintiffs, independent wholesale distributors who purchase soft drinks for resale from an independent bottler not a party to this action, are not third-party beneficiaries of any contracts between the bottler and defendants, the bottler's licensor, it being settled that a sublicensee is not a third-party beneficiary of a contract between a licensor and direct licensee (*see*, *Artwear, Inc. v Hughes*, 202 AD2d 76, 83-84), and since any benefits that plaintiffs derive from such contracts are incidental (*see*, *Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 336). Nor does defendants' alleged failure to prevent other distributors from transshipping licensed products into plaintiffs' exclusive territories state a claim for breach of fiduciary duty in the absence of a contract between the parties (*see*, *Mandelblatt v Devon Stores*, 132 AD2d 162, 167-168), or allegations showing an " 'intimate relationship' " (*Brasport, S. A. v Hoechst Celanese*

*Corp.*, 747 F Supp 199, 202). The court also properly dismissed the causes of action for tortious interference with contract since no contracts were breached (*see, Artwear, Inc. v Hughes, supra*, at 85), and for tortious interference with prospective business relations absent allegations of culpable conduct (*see, Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 191). Leave to replead was properly denied in the absence of a "proposed new pleading[ ] supported by evidence as on a motion for summary judgment" (*Abbott v Herzfeld & Rubin*, 202 AD2d 351, 352, *lv dismissed in part and denied in part* 83 NY2d 995). Concur—Ellerin, J. P., Wallach, Nardelli, Rubin and Mazzarelli, JJ.