■ ICN Pharmaceuticals, Inc., as Successor in Interest to SPI Pharmaceuticals, Inc., Respondent, v Bristol-Myers Company, Appellant. [666 NYS2d 185] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered October 8, 1996, which denied defendant's motion to dismiss the complaint as barred by collateral estoppel and res judicata, unanimously affirmed, with costs.

The issue of whether plaintiff's predecessor was unable to continue to market the product manufactured by defendant due to defendant's material breach of the Supply Agreement, and was therefore entitled to return of the advance fee as provided in the related License Agreement, was not necessary to the determinations in the prior arbitration proceeding that defendant had materially breached the Supply Agreement but that plaintiff's predecessor was not entitled to damages thereunder. Indeed, the arbitrators expressly stated that they were not reaching any issues arising under the License Agreement, including return of the advance fee for which provision is made in the License Agreement but not the Supply Agreement, on the ground that the License Agreement was not arbitrable. Accordingly, the prior award has neither collateral estoppel nor res judicata effect (*see, Ryan v New York Tel. Co.*, 62 NY2d 494, 500-501; *Browning Ave. Realty Corp. v Rubin*, 207 AD2d 263, 265, *lv denied* 85 NY2d 804). Furthermore, defendant itself argued before the arbitrator that the advance fee and any claim against it could not be arbitrated and is, thereby, bound by the doctrine of judicial estoppel in that regard. Concur—Ellerin, J. P., Wallach, Mazzarelli, Andrias and Colabella, JJ.