■ ROTTERDAM SQUARE, Respondent, v SEAR-BROWN ASSOCIATES, P. C., et al., Appellants. [668 NYS2d 278] —Spain, J. Appeal from an order of the Supreme Court (Lynch, J.), entered March 26, 1997 in Schenectady County, which, *inter alia,* denied defendants' motion to dismiss the complaint.

On August 25, 1993 plaintiff, the owner and operator of Rotterdam Square Mall in the Town of Rotterdam, Schenectady County, commenced this action against defendants, who, pursuant to an oral contract with Wilmorite, Inc., plaintiff's construction manager, were to perform design services in connection with the design and construction of phase I of the mall. Phase I, as relevant to this appeal, involved development of a stormwater impoundment area structure. Plaintiff alleged that since the structure failed, it must be replaced or repaired at substantial cost to plaintiff. Defendants asserted several affirmative defenses including lack of privity and Statute of Limitations and moved to dismiss plaintiff's complaint, which motion Supreme Court denied. Defendants appeal.

We affirm. "An obligation rooted in contract may engender a duty owed to those not in privity when the contracting party

knows that the subject matter of a contract is intended for the benefit of others" (*Van Vleet v Rhulen Agency*, 180 AD2d 846, 849). Here, although it was Wilmorite and not plaintiff which entered into the oral contract with defendants to design and construct the structure, Wilmorite retained defendants on behalf of plaintiff and, as such, plaintiff was the intended beneficiary of the contract (*see, City School Dist. v Stubbins & Assocs.*, 85 NY2d 535, 538). This fact was known to all parties at the time of the contract since, *inter alia*, the "Proposal and Specifications" for construction of phase I prepared by defendants clearly indicated that it was "prepared for" plaintiff. Accordingly, plaintiff was in privity of contract with defendants (*see, Sanbar Projects v Gruzen Partnership*, 148 AD2d 316, 319-320; *Key Intl. Mfg. v Morse/Diesel, Inc.*, 142 AD2d 448, 455).

We further find that plaintiff's action was timely commenced. An owner's claim arising out of alleged defective construction accrues for purposes of the Statute of Limitations upon completion of the construction (*see, Farash Constr. Corp. v Stanndco Developers*, 139 AD2d 899, 900, *lv dismissed* 73 NY2d 918; *see also, City School Dist. v Stubbins & Assocs., supra*, at 538; *Sears, Roebuck & Co. v Enco Assocs.*, 43 NY2d 389, 394). Here, defendants sent punch lists to Wilmorite specifically referencing work needed to be done on the structure. This demonstrates that as of November 6, 1987 and January 5, 1988, the dates of the punch lists, the structure was still not completed (*see, Trustees of Columbia Univ. v Gwathmey Siegel & Assocs. Architects*, 167 AD2d 6, 11-12).

Cardona, P. J., White, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.