■ WILLIAM J. DELINE, Individually and Doing Business as BARBER & DELINE DRILLING, et al., Respondents, v CITICAPITAL COMMERCIAL CORPORATION, Appellant. [807 NYS2d 247]—

Appeal from an order of the Supreme Court, Onondaga County (Thomas J. Murphy, J.), entered March 30, 2005. The order, insofar as appealed from, denied those parts of defendant's motion for summary judgment with respect to the second and third causes of action asserted by plaintiff Barber & DeLine, LLC and that part of defendant's motion with respect to the fourth cause of action to the extent that it is asserted by plaintiff Barber & DeLine, LLC.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted in part and the complaint is dismissed.

Memorandum: In April 2000 plaintiff William J. DeLine, individually and doing business as Barber & DeLine Drilling (plaintiff), entered into an agreement with defendant pursuant to which plaintiff agreed to purchase a drilling rig from defendant and to make 48 monthly payments in the amount of $8,974. According to plaintiff, he attempted to obtain a bill of sale and a manufacturer's certificate of origin for the drilling rig when he signed the agreement but neither document was provided. During the years 2000 and 2001, plaintiff leased the drilling rig to another company but continued to make the requisite monthly payments to defendant.

On January 1, 2002, plaintiff transferred all of the assets of his business, with the exception of the drilling rig at issue, to plaintiff Barber & DeLine, LLC (B&D). Plaintiff's wife was the sole member and owner of B&D, and plaintiff was not an employee, officer, designated agent, or director of B&D. The business continued to run in the same manner, with the same customers, equipment and machinery, and B&D began making the monthly payments for the drilling rig to defendant. Defendant accepted the payments until payment was received in full.

Plaintiff's continuing requests for a bill of sale and a manufacturer's certificate of origin were not honored, and plaintiffs commenced this action alleging, inter alia, that defendant breached the agreement by refusing to provide those documents to B&D. Defendant moved, inter alia, for summary judgment dismissing the complaint on the ground that neither plaintiff nor B&D sustained any damages based on defendant's failure to provide the documents, and defendant sought dismissal of the complaint insofar as it is asserted by B&D on the

further ground that there was no privity of contract between defendant and B&D and thus B&D lacks standing to sue defendant. In its written decision, Supreme Court noted that plaintiffs have withdrawn the first cause of action, "admitting that they have not suffered any damages in this cause of action," and in its order the court further ordered that the fourth cause of action, to the extent that it is asserted by plaintiff, is deemed "to have been withdrawn and discontinued without prejudice." The court denied those parts of defendant's motion with respect to the second and third causes of action asserted by B&D and that part of defendant's motion with respect to the fourth cause of action to the extent that it is asserted by B&D. The court determined that there are issues of fact whether B&D was an intended beneficiary of the agreement between plaintiff and defendant and whether defendant had notice of the transfer of assets between plaintiff's company and defendant and waived the nonassignment clause of the agreement. We conclude that the complaint should have been dismissed in its entirety.

A third party may recover as a third-party beneficiary by establishing "(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [the third party's] benefit and (3) that the benefit to [the third party] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [the third party] if the benefit is lost" (*Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 336 [1983]; *see Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38, 44-45 [1985]). "A beneficiary will be considered an intended beneficiary, rather than merely an incidental beneficiary, when the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance" (*Tasseff v Nussbaumer & Clarke*, 298 AD2d 877, 878 [2002] [internal quotation marks omitted]; *see Fourth Ocean Putnam Corp.*, 66 NY2d at 44).

Here, it cannot be said that B&D is a third-party beneficiary of the agreement at issue. Defendant established as a matter of law that B&D was not an intended beneficiary of the agreement, and B&D failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). B&D was not a signatory to the agreement nor was it mentioned therein and, indeed, B&D was not in existence when plaintiff and defendant entered into the agreement. Rather, according to the deposition testimony of plaintiff, B&D was formed after he sustained health problems, approximately 18 months after plaintiff entered into the agreement with defendant. Further-

more, plaintiffs concede that there was no assignment of the agreement to B&D and thus, contrary to the court's determination, there is no issue of fact with respect to defendant's alleged waiver of the nonassignment clause to defeat defendant's entitlement to summary judgment. Although defendant's failure to provide a bill of sale and a manufacturer's certificate of origin in response to plaintiff's requests for those documents may have affected plaintiff's ability to transfer full legal rights to the drilling rig to B&D and thus may have affected plaintiff's ability to assign the agreement at issue to B&D, B&D's recourse with respect to that failure would be against plaintiff, not defendant, for failing to transfer full legal rights to the drilling rig.

We therefore reverse the order insofar as appealed from, grant defendant's motion in part and dismiss the complaint. We note that, although defendant also sought "its costs of suit, inclusive of a reasonable attorney fee," the court did not grant the motion to that extent, and defendant has not appealed from that part of the order. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Smith and Lawton, JJ.