■ CROSS DEVELOPMENT, INC., Plaintiff, v TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, Defendant and Third-Party Plaintiff-Respondent. ALLIED FIRE PROTECTION SYSTEMS,

Inc., et al., Third-Party Defendants, and MWT ARCHITECTURE, P.C., Third-Party Defendant-Appellant. [821 NYS2d 705]—

Appeal from an order of the Supreme Court, Chautauqua County (John T. Ward, Jr., A.J.), entered May 3, 2005. The order denied the motion of third-party defendant MWT Architecture, P.C. for a permanent stay of the arbitration demanded by third-party plaintiff.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Third-party defendant MWT Architecture, P.C. (MWT) appeals from an order denying its motion for a permanent stay of the arbitration demanded by third-party plaintiff, Travelers Casualty and Surety Company of America (Travelers). Travelers had commenced a third-party action against MWT in January 2004, and that action was dismissed by Supreme Court in August 2004 on the ground that the agreement between Travelers' predecessor in interest and MWT provided for compulsory arbitration. On September 20, 2004, Travelers served a demand for arbitration, resulting in the instant motion for a permanent stay of arbitration.

The claim originally asserted by Travelers in the third-party action and now asserted in the demand for arbitration accrued, if at all, upon the issuance of a certificate of occupancy for the building designed by MWT on June 15, 2001. Thus, the demand for arbitration was served after the expiration of the three-year statute of limitations governing malpractice actions against architects (*see* CPLR 214 [6]; *Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.]*, 3 NY3d 538 [2004]). Contrary to MWT's contention, however, Supreme Court properly invoked CPLR 205 (a) and denied MWT's motion to stay the arbitration as untimely commenced. The demand was served well within the six-month extension period afforded by CPLR 205 (a). Moreover, we reject MWT's contention that CPLR 205 (a) does not apply to a demand for arbitration. Pursuant to the plain language of CPLR 7502 (b), a claim

sought to be arbitrated is untimely in these circumstances only if it "would have been barred by limitation of time had it been asserted in a court of the state." Here, Travelers' claim, if asserted in "a court of the state" (*id.*), would have been timely commenced under the extension provisions of CPLR 205 (a), and thus the demand for arbitration was timely served (*cf. Matter of Oriskany Cent. School Dist. [Booth Architects]*, 85 NY2d 995, 997 [1995]; *Marillo v Shearson Hayden Stone*, 159 AD2d 1012 [1990]). Present—Pigott, Jr., P.J., Hurlbutt, Martoche and Green, JJ.