■ TARRANT APPAREL GROUP, Respondent, v CAMUTO CONSULTING GROUP, INC., et al., Defendants, and WITH YOU, INC., et al., Appellants. [838 NYS2d 498]— Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered October 20, 2006, which, to the extent appealed from, denied the motion pursuant to CPLR 3211 (a) (7) by defendants With You and Simpson to dismiss the eighth cause of action, unanimously affirmed, with costs.

Performance rendered directly to plaintiff would indicate that plaintiff is a third-party beneficiary (*see e.g. Internationale Nederlanden [U.S.] Capital Corp. v Bankers Trust Co.*, 261 AD2d 117, 123 [1999]). Drawing all inferences in plaintiff's favor, as one must on a motion to dismiss under CPLR 3211 (a) (7), Simpson's obligation under section 6.6 of the Master License Agreement to "be actively involved in promoting the . . . Sub-Licensed Products" and to "publicly wear or use the . . . Sub-Licensed Products" is arguably performance that is rendered directly to plaintiff, the sublicensee. Neither *New York Pepsi-Cola Distribs. Assn. v Pepsico, Inc.* (240 AD2d 315 [1997]) nor *Artwear, Inc. v Hughes* (202 AD2d 76 [1994]) involved an obligation by the licensor akin to section 6.6 of the Master License Agreement. Appellants' argument that section 6.6 does not apply because plaintiff failed to satisfy a condition precedent is without merit; the condition precedent applies to section 7.1 as amended, not section 6.6.

In light of our disposition of this appeal, we need not reach plaintiff's argument under CPLR 3211 (d) that appellants' motion was properly denied because of the need for further discovery. Concur—Tom, J.P., Marlow, Nardelli, Gonzalez and Kavanagh, JJ.