■ DAVID D. CHAVIS, Appellant, v JAMES KLOCK et al., Respondents. [846 NYS2d 490]—

Appeal from an order of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered July 14, 2006 in a personal injury action. The order granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he fell at defendants' home while making a delivery in connection with his employment with Schwan's Sales Enterprises, Inc. (Schwan's). Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint. In seeking that relief, defendants contended that they are intended third-party beneficiaries of plaintiff's employment agreement with Schwan's. We reject that contention.

The employment agreement at issue contains a provision entitled "Covenant Not to Sue." Pursuant to that covenant, plaintiff agreed to waive any rights he may have to make claims or bring any action against a customer or client of Schwan's that are based on injuries covered under workers' compensation statutes, "[i]n recognition of the fact that any work related injuries which might be sustained by [plaintiff] are covered by [such] statutes, and to avoid the circumvention of such state statutes which may result from suits against the customers or clients" of Schwan's. In order to establish that they are third-party beneficiaries of the employment agreement, defendants

must establish, inter alia, that the agreement " 'was intended for [their] benefit and . . . that the benefit to [them] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [them] if the benefit is lost' " (*DeLine v CitiCapital Commercial Corp.*, 24 AD3d 1309, 1311 [2005], quoting *Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 336 [1983]). " 'A beneficiary will be considered an intended beneficiary, rather than merely an incidental beneficiary, when the circumstances indicate that the promisee [here, Schwan's], intends to give the beneficiary the benefit of the promised performance' " (*id.*). We conclude that defendants are merely incidental beneficiaries of the employment agreement inasmuch as the agreement manifests Schwan's intent to protect itself against possible third-party actions by alleged tortfeasors, not to confer a benefit upon such tortfeasors. Present—Scudder, P.J., Hurlbutt, Fahey, Green and Pine, JJ.