· SARATOGA SCHENECTADY GASTROENTEROLOGY ASSOCIATES, P.C., et al., Respondents, v BETTE & CRING, LLC, Appellant. [921 NYS2d 393]—

Mercure, J.P. Appeal from an order of the Supreme Court (Lynch, J.), entered June 8, 2010 in Albany County, which denied defendant's motion to dismiss the complaint.

Pursuant to a contract with nonparty Saratoga Schenectady Real Property, LLC (hereinafter SSRP), defendant agreed to design and build an endoscopy center. Upon the building's completion, SSRP leased it to plaintiffs, which are related entities owned by the members of SSRP. After defects in the building's construction were discovered, SSRP served a demand

for arbitration pursuant to the terms of the contract and sought damages for, among other things, plaintiffs' lost profits. An arbitration tribunal determined that defendant had failed to properly install the flooring in the building and awarded SSRP approximately $194,000, but ruled that SSRP could not recover damages for plaintiffs' lost profits.

Plaintiffs then commenced this action for breach of contract against defendant. Prior to joinder of issue, defendant moved to dismiss the complaint, asserting that plaintiffs were not intended third-party beneficiaries under the contract and, in any event, were barred from advancing their claim by the arbitration award. Supreme Court denied the motion, and defendant now appeals. Accepting the facts alleged in the complaint as true and according plaintiffs the benefit of every favorable inference, as is required on a motion to dismiss the complaint (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 178 [2011]), we affirm.

In order to recover as third-party beneficiaries to a contract, plaintiffs "must establish: (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [their] benefit, and (3) that the benefit to [them] is sufficiently immediate . . . to indicate the assumption by the contracting parties of a duty to compensate [them] if the benefit is lost" (*id.* at 182 [internal quotation marks and citation omitted]; *see IMS Engrs.-Architects, P.C. v State of New York*, 51 AD3d 1355, 1357 [2008], *lv denied* 11 NY3d 706 [2008]). Here, defendant argues that its contract with SSRP to design and build the endoscopy center did not intentionally afford plaintiffs an immediate benefit. The complaint alleged, however, that plaintiff Saratoga Schenectady Gastroenterology Associates, P.C. (hereinafter SSGA) initially contacted defendant with regard to the project, set out specifications for it, and routinely met with defendant to custom design the building.

While plaintiff Saratoga Schenectady Endoscopy Center, LLC had not yet been formed, the identity of a third-party beneficiary to a contract need not be known at the time the contract is executed, and SSGA allegedly notified defendant that endoscopy procedures at the facility would be performed by a related entity (*see MK W. St. Co. v Meridien Hotels*, 184 AD2d 312, 313 [1992]; *Key Intl. Mfg. v Morse/Diesel, Inc.*, 142 AD2d 448, 455 [1988]). SSRP, in turn, was formed by SSGA solely to enter into the contract with defendant and own the building. Moreover, each page of the body of the contract states that it is a document for "SARA SCHEN GASTRO," which plaintiffs allege is a reference to SSGA. Under these circumstances and

given the procedural posture of this case, we agree with Supreme Court that plaintiffs have sufficiently stated a claim as intended third-party beneficiaries for breach of the contract between defendant and SSRP (*see Williams v Sidley Austin Brown & Wood, L.L.P.*, 38 AD3d 219, 220-221 [2007]; *Rotterdam Sq. v Sear-Brown Assoc.*, 246 AD2d 871, 872 [1998]; *Key Intl. Mfg. v Morse/Diesel, Inc.*, 142 AD2d at 454-457; *cf. Lake Placid Club Attached Lodges v Elizabethtown Bldrs.*, 131 AD2d 159, 161-162 [1987]).

Defendant's argument that plaintiffs' claim is barred by res judicata or collateral estoppel is similarly unavailing. Plaintiffs were not parties in the prior arbitration proceeding. Although SSRP sought to recover plaintiffs' lost profits as damages, defendant contended that SSRP could not do so, and the arbitrators agreed. Plaintiffs allege, however, that no determination was made regarding whether those damages could be directly recovered *by plaintiffs* and, in our view, the language of the award is ambiguous in that regard. Inasmuch as the arbitrators' failure to reach the issue of whether plaintiffs could directly recover for their lost profits would render both collateral estoppel and the res judicata doctrine inapplicable here, defendant has not established its entitlement to dismissal on this ground (*see Matter of Halyalkar v Board of Regents of State of N.Y.*, 72 NY2d 261, 268 [1988]; *Rembrandt Indus. v Hodges Intl.*, 38 NY2d 502, 504 [1976]; *Rebh v Rotterdam Ventures*, 252 AD2d 609, 610 [1998]; *ICN Pharms. v Bristol-Myers Co.*, 245 AD2d 182 [1997]; *B. O. W. Cleaning Corp. v Doe*, 84 AD2d 527, 528 [1981]).

Defendant's remaining arguments have been considered and found to be without merit.

Peters, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, with costs.