# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**568**

**CA 11-02242**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, AND SCONIERS, JJ.

---

EMMELYN LOGAN-BALDWIN AND LEROY A. BALDWIN,
PLAINTIFFS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

L.S.M. GENERAL CONTRACTORS, INC., BART NOTO,
INDIVIDUALLY AND AS PRESIDENT OF L.S.M. GENERAL
CONTRACTORS, INC., HENRY ISAACS HOME REMODELING
AND REPAIR, HENRY ISAACS, INDIVIDUALLY AND AS
PRESIDENT OF HENRY ISAACS HOME REMODELING AND
REPAIR, DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.

---

MICHAEL STEINBERG, ROCHESTER, FOR PLAINTIFFS-APPELLANTS.

PHILLIPS LYTLE LLP, ROCHESTER (MARK J. MORETTI OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS L.S.M. GENERAL CONTRACTORS, INC. AND BART NOTO,
INDIVIDUALLY AND AS PRESIDENT OF L.S.M. GENERAL CONTRACTORS, INC.

HISCOCK & BARCLAY, LLP, ROCHESTER (ROBERT M. SHADDOCK OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS HENRY ISAACS HOME REMODELING AND REPAIR, AND
HENRY ISAACS, INDIVIDUALLY AND AS PRESIDENT OF HENRY ISAACS HOME
REMODELING AND REPAIR.

---

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), dated January 6, 2011. The order, among other things, granted the motion of defendants Henry Isaacs Home Remodeling and Repair and Henry Isaacs, individually and as president of Henry Isaacs Home Remodeling and Repair, for summary judgment.

Now, upon the stipulation of discontinuance of appeal signed by the attorneys for plaintiffs and defendants L.S.M. General Contractors, Inc. and Bart Noto, individually and as president of L.S.M. General Contractors, Inc., on November 23, 2011,

It is hereby ORDERED that the appeal from said order insofar as it concerns defendants L.S.M. General Contractors, Inc. and Bart Noto, individually and as president of L.S.M. General Contractors, Inc., is unanimously dismissed upon stipulation and the order is modified on the law by denying in part the motion of defendants Henry Isaacs Home Remodeling and Repair and Henry Isaacs, individually and as president of Henry Isaacs Home Remodeling and Repair, and reinstating the breach of contract cause of action against those defendants and as modified the order is affirmed without costs.

Memorandum: Plaintiffs, the owners of an historic residence, contracted with defendant L.S.M. General Contractors, Inc. (LSM), through its president, to be the general contractor for a rehabilitation project on that residence. Defendant Bart Noto, sued individually and as the president of LSM, subcontracted with defendants Henry Isaacs Home Remodeling and Repair and Henry Isaacs, individually and as president of Henry Isaacs Home Remodeling and Repair (collectively, Isaacs defendants), to perform the roofing work on the project. The Isaacs defendants in turn subcontracted with defendant Hal Brewster, sued individually and as the president of defendant Hal Brewster Home Improvements, Inc. (collectively, Brewster defendants), to perform the roofing work.

The Isaacs defendants do not dispute that, when Hal Brewster performed the work on the roof, he "botched" the job, causing extensive leaking inside the house. LSM and the Isaacs defendants initially attempted to correct the problems, but they subsequently abandoned the project, leaving plaintiffs to hire others to complete the work.

Plaintiffs commenced this action, asserting breach of contract and fraud causes of action against all defendants. Plaintiffs have since obtained a default judgment against the Brewster defendants, and in a prior appeal we affirmed an order granting the cross motion of Noto for summary judgment dismissing the complaint against him in his individual capacity and for summary judgment dismissing the fraud causes of action against LSM (*Logan-Baldwin v L.S.M. Gen. Contrs., Inc.*, 48 AD3d 1220). The Isaacs defendants thereafter moved for summary judgment dismissing the complaint against them, contending that there was a lack of privity between them and plaintiffs with respect to the breach of contract cause of action and that there was a lack of evidence of fraud with respect to the remaining causes of action, as required by CPLR 3016 (b). Plaintiffs cross-moved for, inter alia, partial summary judgment on liability against the Isaacs defendants. Supreme Court, inter alia, granted the motion of the Isaacs defendants (*Logan-Baldwin v L.S.M. Gen. Contrs., Inc.*, 31 Misc 3d 174). On this appeal, plaintiffs challenge only those parts of the order that granted the motion of the Isaacs defendants and denied that part of their motion seeking partial summary judgment on liability on the breach of contract cause of action against those defendants. We therefore deem abandoned any contention by plaintiffs with respect to the order insofar as it granted that part of the Isaacs defendants' motion for summary judgment dismissing the fraud causes of action against them (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984). We agree with plaintiffs that the court erred in granting that part of the motion of the Isaacs defendants with respect to the breach of contract cause of action, but we conclude that the court properly denied plaintiffs' cross motion. We therefore modify the order accordingly.

With respect to the breach of contract cause of action against the Isaacs defendants, we note that, "[a]s a general rule, privity or its equivalent remains a predicate for imposing liability for nonperformance of contractual obligations . . . An obligation rooted

in contract may [nevertheless] engender a duty owed to those not in privity when the contracting party knows that the subject matter of a contract is intended for the benefit of others . . . An intention to benefit a third party must be gleaned from the contract as a whole" (*Van Vleet v Rhulen Agency*, 180 AD2d 846, 848-849; *see Drake v Drake*, 89 AD2d 207, 209).  Thus, contrary to the contention of the Isaacs defendants, privity is not always required.  Parties such as the plaintiffs herein who are "asserting third-party beneficiary rights under a contract must establish '(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [their] benefit and (3) that the benefit to [them] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [them] if the benefit is lost' " (*Mendel v Henry Phipps Plaza W., Inc.*, 6 NY3d 783, 786, quoting *Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 336; *see DeLine v CitiCapital Commercial Corp.*, 24 AD3d 1309, 1311).

The focus is on the intent of the promisee, inasmuch as "the promisee procured the promise by furnishing the consideration therefor" (*Drake*, 89 AD2d at 209; *see Key Intl. Mfg. v Morse/Diesel, Inc.*, 142 AD2d 448, 455), and "[a] beneficiary will be considered an intended beneficiary, rather than merely an incidental beneficiary, when the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance" (*DeLine*, 24 AD3d at 1311 [internal quotation marks omitted]; *see Chavis v Klock*, 45 AD3d 1353, 1354).  "Where[, as here,] performance is rendered *directly to the third party*, it is presumed that the contract was for his [or her] benefit" (*Drake*, 89 AD2d at 209 [emphasis added]; *see Tarrant Apparel Group v Camuto Consulting Group, Inc.*, 40 AD3d 556, 557; *Internationale Nederlanden [U.S.] Capital Corp. v Bankers Trust Co.*, 261 AD2d 117, 123; *Finch, Pruyn & Co. v Wilson Control Servs.*, 239 AD2d 814, 816).  Indeed, "[i]t is almost inconceivable that those . . . who render their services in connection with a major construction project would not contemplate that the performance of their contractual obligations would ultimately benefit the owner . . . [I]t is obviously inferable that they knew, or should have known, that someone owned the [property], and that such person or entity was to be the ultimate beneficiary of their . . . services" (*Key Intl. Mfg.*, 142 AD2d at 455; *see City of New York [Dept. of Parks & Recreation-Wollman Rink Restoration] v Kalisch-Jarcho, Inc.*, 161 AD2d 252, 253).

Thus, courts have generally refused to dismiss breach of contract causes of action asserted by property owners against subcontractors who performed construction services on their property (*see e.g. Gap, Inc. v Fisher Dev., Inc.*, 27 AD3d 209, 210-211; *Rotterdam Sq. v Sear-Brown Assoc.*, 246 AD2d 871, 871-872; *Finch, Pruyn & Co.*, 239 AD2d at 815-816; *Facilities Dev. Corp. v Miletta*, 180 AD2d 97, 100-101; *City of New York [Dept. of Parks & Recreation-Wollman Rink Restoration]*, 161 AD2d at 253; *Key Intl. Mfg.*, 142 AD2d at 454-455; *Goodman-Marks Assoc. v Westbury Post Assoc.*, 70 AD2d 145, 148; *see also Saratoga Schenectady Gastroenterology Assoc., P.C. v Bette & Cring, LLC*, 83 AD3d 1256, 1257-1258; *cf. Board of Mgrs. of Riverview at Coll. Point*

*Condominium III v Schorr Bros. Dev. Corp.*, 182 AD2d 664, 665-666).

Here, as in *Key Intl. Mfg.* (142 AD2d at 455), it is "almost inconceivable" that the Isaacs defendants did not know that plaintiffs, the owners of the home, would be the ultimate beneficiaries of the services being provided by the Isaacs defendants pursuant to their contract with LSM. Although there are older cases espousing the view "that the additional services performed by the subcontractor . . . are for the benefit of the general contractor who is responsible for the completion of the improvement, not for the benefit of the owner" (*Schuler-Haas Elec. Corp. v Wager Constr. Corp.*, 57 AD2d 707, 708; *see Sybelle Carpet & Linoleum of Southampton v East End Collaborative*, 167 AD2d 535, 536), those cases dealt with situations where a plaintiff-subcontractor was attempting to sue a defendant-owner pursuant to a contract between the owner and the general contractor. As highlighted in *R.H. Sanbar Projects v Gruzen Partnership* (148 AD2d 316, 319), those situations are distinguishable from the one at issue herein. Courts have routinely held that a subcontractor generally cannot be deemed an intended third-party beneficiary of a contract between an owner and a general contractor inasmuch as the owner, as promisee, generally does not intend to benefit any subcontractors thereafter hired by the general contractor (*see e.g. Port Chester Elec. Constr. Corp. v Atlas*, 40 NY2d 652, 655-656; *IMS Engrs.-Architects, P.C. v State of New York*, 51 AD3d 1355, 1357, *lv denied* 11 NY3d 706; *Palermo Mason Constr. v Aark Holding Corp.*, 300 AD2d 458, 459).

Also distinguishable is the situation where the subcontractor merely supplies materials, in which case the owner is generally deemed an incidental beneficiary (*see e.g. Amin Realty v K & R Constr. Corp.*, 306 AD2d 230, 231-232, *lv denied* 100 NY2d 515; *International Fid. Ins. Co. v Gaco W.*, 229 AD2d 471, 474). That is, perhaps, because the materials could, in theory, be used by anyone at any property. We note that the court herein mistakenly relied in part on the Court of Appeals' decision in *Fourth Ocean Putnam Corp. v Interstate Wrecking Co.* (66 NY2d 38), inasmuch as that case is likewise distinguishable. There, the defendant-subcontractors contracted with a municipality to demolish a structure owned by the plaintiff that had been deemed "a public nuisance and . . . a dangerous, unsafe fire hazard" (*id.* at 40). The Court held that the plaintiff-owner could not be deemed a third-party beneficiary of the contract between the municipality and the defendant-subcontractors because "the work was being performed not as a means of benefiting plaintiff but to remedy plaintiff's default in order to protect the public against a public nuisance" (*id.* at 45).

To the extent that the court interpreted our decision in *Ralston Purina Co. v McKee & Co.* (158 AD2d 969, 970) as holding that an express contractual provision was required, the court erred. An express contractual provision concerning third-party beneficiaries "is but an alternative factor upon which a court might base a finding that a certain party is, in fact, a third-party beneficiary" (*Key Intl. Mfg.*, 142 AD2d at 457; *see generally Fourth Ocean Putnam Corp.*, 66 NY2d at 45).

Thus, even assuming, arguendo, that the Isaacs defendants met their initial burden, we conclude that plaintiffs raised a triable issue of fact whether they were intended third-party beneficiaries of the contract between the Isaacs defendants and LSM.  Although the contract between LSM and the Isaacs defendants does not appear in the record, plaintiffs submitted evidence establishing that, pursuant to that contract, the Isaacs defendants were to provide services directly to plaintiffs.  Indeed, plaintiffs established that Henry Isaacs inspected the property before plaintiffs and LSM entered into their contract.  The court, therefore, erred in granting the motion of the Isaacs defendants in its entirety.

Finally, contrary to plaintiffs' contention, they are not entitled to partial summary judgment on liability on the breach of contract cause of action because they failed to submit evidence establishing as a matter of law that they were intended third-party beneficiaries of the contract.  We note that, without the benefit of the contract between LSM and the Isaacs defendants establishing the actual terms of the contract, we are unable to grant summary judgment to the Isaacs defendants or plaintiffs.

Entered:  April 20, 2012                        Frances E. Cafarell
                                                Clerk of the Court