Ketch v Ridge Overhead Door, Inc. (2019 NY Slip Op 04542)





Ketch v Ridge Overhead Door, Inc.


2019 NY Slip Op 04542


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


110 CA 18-01603

[*1]VICTOR KETCH AND SHARON D. KETCH, PLAINTIFFS-APPELLANTS,
v
RIDGE OVERHEAD DOOR, INC., ALSO KNOWN AS THE OVERHEAD DOOR CO. OF NORTH TONAWANDA, DEFENDANT-RESPONDENT. 






CONNORS LLP, BUFFALO (CAITLIN M. HIGGINS OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
LIPPMAN O'CONNOR, BUFFALO (ROBERT H. FLYNN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered November 30, 2017. The order denied the motion of plaintiffs for summary judgment and granted the cross motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking to recover damages for injuries sustained by Victor Ketch (plaintiff) at his place of employment. Plaintiff, a mechanic employed by a school district (employer), was walking into a garage after fixing a bus when a closing garage door struck him on the head. Defendant had performed an undetermined number of repairs on the garage doors during the preceding six-year period, and plaintiffs alleged that plaintiff's injuries were caused by defendant's failure to detect a lack of functioning safety devices on the door that struck him. Supreme Court granted defendant's cross motion for summary judgment dismissing the complaint. We affirm.
We reject plaintiffs' contention that plaintiff was a third-party beneficiary of a contract between defendant and the employer. Although we agree with plaintiffs that a contract to repair the garage doors may be implied in fact as a result of the conduct of defendant and the employer (see generally AMCAT Global, Inc. v Greater Binghamton Dev., LLC, 140 AD3d 1370, 1371 [3d Dept 2016], lv denied 28 NY3d 904 [2016]), a party asserting third-party beneficiary rights under a contract must also establish, inter alia, " that the contract was intended for [his or her] benefit' " (Mendel v Henry Phipps Plaza W., Inc., 6 NY3d 783, 786 [2006]; see Logan-Baldwin v L.S.M. Gen. Contrs., Inc., 94 AD3d 1466, 1468 [4th Dept 2012]). Here, the contract was intended entirely for the benefit of the employer, not its employees.
Contrary to plaintiffs' further contention, the court properly concluded that defendant owed no duty of care to plaintiff under any of the exceptions identified in Espinal v Melville Snow Contrs. (98 NY2d 136, 140 [2002]). "In any negligence action, the threshold issue before the court is whether the defendant owed a legally recognized duty to the plaintiff" (Gilson v Metropolitan Opera, 5 NY3d 574, 576 [2005]). There are "three situations in which a party who enters into a contract to render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm' . . . ; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties . . . and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Espinal, 98 NY2d at 140; see Lingenfelter v Delevan Terrace [*2]Assoc., 149 AD3d 1522, 1523 [4th Dept 2017]).
Defendant established as a matter of law that none of the exceptions applies, and plaintiffs failed to raise an issue of fact with respect to any of them (see Sniatecki v Violet Realty, Inc., 98 AD3d 1316, 1320-1321 [4th Dept 2012]; Foster v Herbert Slepoy Corp., 76 AD3d 210, 214 [2d Dept 2010]). First, plaintiffs contend that defendant's failure to detect the lack of functioning safety devices launched an instrument of harm, but the deposition testimony of plaintiff's coworkers established that the safety devices were disconnected years before defendant was hired to perform repairs. Because defendant's failure to detect that those devices were nonoperational merely continued the status quo, defendant cannot be said to have " launched a force or instrument of harm' " (Espinal, 98 NY2d at 142, quoting Moch Co. v Rensselaer Water Co., 247 NY 160, 168 [1928]). Second, plaintiff's deposition testimony established that he was aware that defendant was not hired to perform routine inspections or preventative maintenance, and thus plaintiff cannot be said to have "detrimentally relie[d] on the continued performance of the contracting party's duties" (id. at 140). Third, there was no continuing contractual relationship between defendant and the employer, which continued to use its own employees to perform many of the smaller repairs of the premises, and thus we cannot say that defendant "entirely displaced" the employer's duty to maintain the premises safely (id.).
We have reviewed plaintiffs' remaining contentions and conclude that they do not require reversal or modification of the order.
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court