Providence State St. Hous. Dev. Fund Co., Inc. v Buckingham Constr., LLC (2025 NY Slip Op 00544)

Providence State St. Hous. Dev. Fund Co., Inc. v Buckingham Constr., LLC

2025 NY Slip Op 00544

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, DELCONTE, AND KEANE, JJ.

709 CA 23-01071

[*1]PROVIDENCE STATE STREET HOUSING DEVELOPMENT FUND COMPANY, INC., AND EAST HOUSE STATE STREET APARTMENTS, L.P., PLAINTIFFS-RESPONDENTS-APPELLANTS,
v
BUCKINGHAM CONSTRUCTION, LLC, DEFENDANT-RESPONDENT, CAPSTONE CONSTRUCTION SERVICES, LLC, DEFENDANT-RESPONDENT-APPELLANT, AND PARDI PARTNERSHIP ARCHITECTS, P.C., DEFENDANT-APPELLANT-RESPONDENT. 

BYRNE & O'NEILL, LLP, NEW YORK CITY (MARK R. MCCAULEY OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.
PHILLIPS LYTLE LLP, ROCHESTER (CHAD W. FLANSBURG OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT. 
THE GLENNON LAW FIRM, P.C., ROCHESTER (ASHLEY RAE WESTBROOK OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS-APPELLANTS.
WOODS OVIATT GILMAN LLP, ROCHESTER (ROBERT D. HOOKS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal and cross-appeals from an order of the Supreme Court, Monroe County (James A. Vazzana, J.), entered June 12, 2023. The order, inter alia, granted the motion of plaintiff Providence State Street Housing Development Fund Company, Inc., seeking leave to amend the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying in part the motion of plaintiff Providence State Street Housing Development Fund Company, Inc., insofar as it sought leave to amend the amended complaint to add East House State Street Apartments, L.P. as a plaintiff; granting defendant Pardi Partnership Architects, P.C.'s cross-motion and dismissing the amended complaint and all cross-claims against it; granting those parts of defendant Capstone Construction Services, LLC's cross-motion seeking summary judgment dismissing the fourth cause of action and the cross-claims of Pardi Partnership Architects, P.C. against it and seeking severance of defendant Buckingham Construction, LLC's cross-claim for contractual indemnification against it; and as modified the order is affirmed without costs.
Memorandum: Defendant Pardi Partnership Architects, P.C. (Pardi) appeals and defendant Capstone Construction Services, LLC (Capstone) and plaintiffs, Providence State Street Housing Development Fund Company, Inc. (Providence) and East House State Street Apartments, L.P. (East House), cross-appeal from an order that, as relevant on appeal, granted Providence's motion for leave to amend its amended complaint, denied in part Capstone's cross-motion to the extent it sought summary judgment dismissing the amended complaint and Pardi's cross-claims against it, denied Pardi's cross-motion for summary judgment dismissing the amended complaint and all cross-claims against it, and granted the cross-motion of defendant Buckingham Construction, LLC (Buckingham) insofar as it sought summary judgment dismissing the amended complaint against it.
The action arises from alleged construction defects resulting in water infiltration at an affordable housing renovation project (Project). Prior to the renovations, nonparty Providence Housing Development Corporation was awarded affordable housing tax credits by the State of New York for the Project. Providence Housing Development Corporation then formed multiple entities, including Providence and East House, in furtherance of the State's legal requirements for the tax credits. Pursuant to the declaration of interest agreement between Providence and East House, Providence would "hold legal title to the [p]roperty as nominee for and on behalf of [East House]," and East House would in turn "retain[ ] all of the equitable and beneficial ownership of the Project." Providence had no interest in "any item of income, gain, loss, deduction, credit, [etc.]" of the property or Project, while East House had "sole control of and responsibility for the [p]roperty and the Project" and was to "be identified as the principal and sole beneficial owner of the [p]roperty and the Project" in "all dealings" with others. Additionally, East House, not Providence, had the "unconditional obligation to bear the economic risk of depreciation and diminution in value of the Project . . . and shall bear the risk of loss if the Project is destroyed or damaged." The declaration of interest agreement further stated that "any third party may rely on this [a]greement with respect to the rights and obligations of [East House] and [Providence] hereunder."
East House contracted with Pardi for the architectural design work on the Project, and later, with Providence, separately contracted with Buckingham to serve as the Project's general contractor. Buckingham, in turn, contracted with Capstone to serve as the construction manager. Substantial completion occurred, and a certification of occupancy was issued, in June 2012. Upon taking occupancy, East House noticed water leaks and infiltration in the finished construction, which plaintiffs allege was caused by negligent design or construction. In 2015, Providence commenced the instant lawsuit, asserting causes of action for breach of contract and breach of warranty against defendants, as well as architectural malpractice against Pardi. In 2019, the complaint was amended to include a cause of action for property damage based upon mold growth against defendants.
In September 2022, Providence moved for leave to amend the amended complaint to, inter alia, add East House as a plaintiff. Buckingham cross-moved for, among other things, summary judgment dismissing the amended complaint against it, Pardi cross-moved for summary judgment dismissing the amended complaint and cross-claims against it, and Capstone cross-moved for summary judgment dismissing the amended complaint and Pardi's cross-claims against it and to sever Buckingham's cross-claims against it. Buckingham did not oppose that part of Capstone's cross-motion seeking to sever Buckingham's cross-claims against Capstone. Supreme Court granted Providence's motion, granted Buckingham's cross-motion insofar as it sought summary judgment dismissing the amended complaint against it, denied Pardi's cross-motion, denied Capstone's cross-motion with respect to the fourth cause of action for property damage and Pardi's cross-claims against it and denied, as moot, Capstone's cross-motion with respect to severance of Buckingham's cross-claims inasmuch as the amended complaint was dismissed against Buckingham.
With respect to Pardi's appeal, we agree with Pardi that the court erred in granting that part of Providence's motion to amend the amended complaint to add East House as a plaintiff inasmuch as East House's claims are untimely. We therefore modify the order accordingly. The causes of action asserted by East House against Pardi arise from allegations of architectural malpractice and thus are governed by the three-year statute of limitations pursuant to CPLR 214 (6) (see Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.], 3 NY3d 538, 541-542 [2004]; Gelmac Quality Feeds, Inc. v Ronning, 23 AD3d 1019, 1020-1021 [4th Dept 2005]). Those causes of action accrued, at the latest, upon "the actual completion of the work" and issuance of the certificate of occupancy in 2012 (Anderson v Pinn, 185 AD3d 534, 535 [2d Dept 2020]; see Town of W. Seneca v Kideney Architects, P.C., 187 AD3d 1509, 1511 [4th Dept 2020]; Cross Dev., Inc. v Travelers Cas. & Sur. Co. of Am., 32 AD3d 1191, 1192 [4th Dept 2006]), 10 years prior to Providence's motion for leave to amend the amended complaint. We further agree with Pardi that East House's claims cannot be saved pursuant to CPLR 203 (f) by relating back to the filing of the original or amended complaints inasmuch as "there was no valid pre-existing action to which the [second] amended complaint could relate back" (Truty v Federal Bakers Supply Corp., 217 AD2d 951, 952 [4th Dept 1995] [internal quotation marks omitted]; see U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 33 NY3d 84, 90-91 [2019]; Goldberg v Camp Mikan-Recro, 42 NY2d 1029, 1029-1030 [1977]).
We also agree with Pardi on its appeal that the court erred in denying that part of its cross-motion for summary judgment dismissing the amended complaint against it for lack of privity (see generally Logan-Baldwin v L.S.M. Gen. Contrs., Inc., 94 AD3d 1466, 1468 [4th Dept 2012]; Melnick v Parlato, 296 AD2d 443, 443 [2d Dept 2002]). Providence was not a third-party beneficiary to the contract between East House and Pardi. To assert rights as a third-party beneficiary under a contract, a plaintiff must establish: "(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [the third-party's] benefit and (3) that the benefit to [the third-party] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [the third-party] if the benefit is lost" (Mendel v Henry Phipps Plaza W., Inc., 6 NY3d 783, 786 [2006] [internal quotation marks omitted]; see Logan-Baldwin, 94 AD3d at 1468). Here, in order to take advantage of beneficial tax credits, plaintiffs intentionally organized themselves in a manner in which Providence could not benefit from the Project inasmuch as it held only record title with no equitable or beneficial interest in the property or its improvements, and the corporate "structure [that plaintiffs] created should not lightly be ignored at their behest" (Mertz v Seibel Realty, 265 AD2d 925, 926 [4th Dept 1999] [internal quotation marks omitted]). We therefore further modify the order by granting that part of Pardi's cross-motion for summary judgment dismissing the amended complaint against it.
In light of our determination dismissing the amended complaint against Pardi, we conclude that the court erred in denying that part of Pardi's cross-motion with respect to the cross-claims of Buckingham and Capstone against it for contribution and common-law indemnification inasmuch as those cross-claims are now moot (see Allington v Templeton Found., 167 AD3d 1437, 1440 [4th Dept 2018]; Mayes v UVI Holdings, 280 AD2d 153, 159 [1st Dept 2001]). The court also erred in denying that part of Pardi's cross-motion with respect to Capstone's cross-claim for contractual indemnification inasmuch as "there is simply no contract [between Pardi and Capstone] to support that cross[-]claim" (Hastedt v Bovis Lend Lease Holdings, Inc., 152 AD3d 1159, 1163 [4th Dept 2017]). We therefore further modify the order by granting that part of Pardi's cross-motion seeking summary judgment dismissing the cross-claims against it.
With respect to Capstone's cross-appeal, we agree with Capstone that the court erred in denying that part of its cross-motion seeking summary judgment dismissing the fourth cause of action, for property damage based on mold growth, against it. Providence's fourth cause of action sounds in contract inasmuch as it arises from Capstone's alleged "failure to exercise due care in its performance of the contract" (Gallup v Summerset Homes, LLC, 82 AD3d 1658, 1660 [4th Dept 2011]). "[M]erely alleging that the breach of a contract duty arose from a lack of due care will not transform a simple breach of contract into a tort" (id. [internal quotation marks omitted]; see generally Espinal v Melville Snow Contrs., Inc., 98 NY2d 136, 140 [2002]). There is no legal basis for a contract cause of action by Providence against Capstone because Providence was not in privity with Capstone nor was it a third-party beneficiary of the construction management agreement between Buckingham and Capstone (see generally Logan-Baldwin, 94 AD3d at 1468).
We further agree with Capstone that the court erred in denying that part of its cross-motion seeking summary judgment dismissing Pardi's cross-claims against it for the same reasons the court erred in denying that part of Pardi's cross-motion seeking summary judgment dismissing the cross-claims of Capstone against Pardi. Additionally, inasmuch as Buckingham's cross-claim against Capstone for contractual indemnification was not rendered moot by the dismissal of the amended complaint against Buckingham (see Zanghi v Laborers' Intl. Union of N. Am., AFL-CIO, 21 AD3d 1370, 1371-1372 [4th Dept 2005]), we agree with Capstone that the unopposed cross-motion insofar as it seeks to sever that cross-claim must be granted (see A to Z Applique Die Cutting v 319 McKibbin St. Corp., 242 AD2d 642, 643 [2d Dept 1997]). We therefore further modify the order by granting those parts of the cross-motion of Capstone for summary judgment dismissing the fourth cause of action and Pardi's cross-claims against it and for severance of Buckingham's cross-claim against Capstone for contractual indemnification.
Finally, with respect to plaintiffs' cross-appeal, we reject plaintiffs' contention that the court erred in granting Buckingham's cross-motion insofar as it sought summary judgment dismissing the amended complaint against it. There is no dispute that neither Providence nor East House complied with the conditions precedent in the AIA general form construction [*2]contract with Buckingham that required, inter alia, written notice of any claims within 21 days of their occurrence and mediation of all claims. Contrary to plaintiffs' contention, Buckingham's " 'failure to plead that defense in its answer . . . does not preclude an award of summary judgment based on that defense' . . . [inasmuch as] '[a] court may grant summary judgment based upon an unpleaded defense where . . . reliance upon that defense neither surprises nor prejudices the plaintiff' " (D & M Concrete, Inc. v Wegmans Food Mkts., Inc., 133 AD3d 1329, 1330 [4th Dept 2015], lv denied 27 NY3d 901 [2016]). The defense of failure to satisfy conditions precedent could not have surprised or prejudiced plaintiffs inasmuch as they were " 'already aware of the facts which constituted the defense' . . . , i.e., the dispute resolution procedures contained in the contract executed by" plaintiffs and specifically referenced in the complaint and amended complaint (id.; see generally Penn Hydro, Inc. v B.V.R. Constr. Co., 218 AD3d 1253, 1256 [4th Dept 2023]). Plaintiffs' contention that the defense is barred by the doctrine of laches is raised for the first time on appeal and thus is not properly before us (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court