■ DANIEL LUZON, Doing Business as GUARDIAN CONSTRUCTION, INC., Appellant, v CLAIRE PERLMAN et al., Respondents, et al., Defendants. [679 NYS2d 583] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered on or about November 20, 1997, which granted the motion of defendants Claire Perlman and Sidney Perlman for summary judgment dismissing the complaint as against them, and judgment, same court and Justice, entered thereon on December 5, 1997, unanimously affirmed, with costs.

Although it timely commenced this action to foreclose its mechanic's lien, plaintiff failed timely to file a notice of pendency, and, thus, its mechanic's lien expired as a matter of law (*see, Madison Lexington Venture v Crimmins Contr. Co.*, 159 AD2d 256, 257, *lv dismissed in part and denied in part* 78 NY2d 905). Although Lien Law § 54 permits a personal judgment to be obtained based on a complaint that contains allegations sufficient to state a cause of action for breach of contract, no personal liability may be found where, as here, there is no evidence of an express or implied agreement by defendants to pay plaintiff (*Noce v Kaufman*, 2 NY2d 347, 351-352). Concur—Milonas, J. P., Rosenberger, Williams, Tom and Saxe, JJ.