■ KELLETT's WELL BORING, INC., Respondent, v CITY OF NEW YORK, Respondent, and PETOSA BROTHERS, INC., et al., Appellants. (Action No. 1.) TECHNO CONSTRUCTION CORPORATION, Petitioner, v COMPTROLLER OF THE CITY OF NEW YORK et al., Respondents. (Action No. 2.) In the Matter of COMPTROLLER OF THE CITY OF NEW YORK et al., Petitioners, v KELLETT's WELL BORING, INC., Appellant-Respondent, and SEABOARD SURETY COMPANY et al., Respondents-Appellants, et al., Respondents. [739 NYS2d 136] —Order, Supreme Court, New York County (Louis York, J.), entered on or about December 21, 1998, which denied the motion of the defendant in Action No. 1, the City of New York, to dismiss, unanimously reversed, on the law and the facts, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant City of New York dismissing the complaint as against it in Action No. 1. Appeal from order, same court (Joan Madden, J.), entered January 22, 2001, which denied as moot plaintiff's motion in Action No. 1 to extend its notice of pendency, unanimously dismissed, without costs, as academic in view of the foregoing. Judgment in Action No. 2, same court (Kibbie Payne, J.), entered on or about February 28, 2001, which, insofar as appealed from, dismissed the cross petitions of the respondents, Petosa Brothers, Inc., St. Paul Fire and Marine Insurance Company, United States Fidelity & Guaranty and Seaboard Surety Company, unanimously modified, on the law and the facts, to the extent that the amount of $68,007.71 awarded to Techno Construction Corporation is reduced to the amount of $1,151.90, and United States Fidelity & Guaranty is awarded the sum of $31,681.55, and otherwise affirmed, without costs.

In Action No. 1, defendant, Petosa Brothers, Inc. (hereinafter Petosa), as general contractor, entered into various public improvement contracts with defendant, City of New York (hereinafter the City). St. Paul Fire and Marine Insurance Company, Seaboard Surety Company and United States Fidelity & Guaranty (hereinafter St. Paul, Seaboard, and USF&G, respectively, or the sureties, collectively), issued Petosa performance, labor and material and payment bonds with respect to these contracts. Plaintiff, Kellett's Well Boring, Inc. (hereinaf-

ter Kellett's), is a subcontractor hired by Petosa. Subsequently, Petosa defaulted in paying several of its subcontractors, including Kellett's.

Kellett's filed a mechanics' lien pursuant to Lien Law § 18 in December 1997, but failed to file a notice of pendency. Kellett's then commenced Action No. 1 to foreclose on its mechanics' lien against Petosa, the City, Seaboard and St. Paul and to recover under the payment bond. The City moved to dismiss on the ground that Kellett's had failed to file a notice of pendency. Petosa, St Paul and Seaboard did not join in the City's motion or cross-move for any relief.

In his order dated December 2, 1998, Justice Louis York denied the City's motion, determining that: "The summons and complaint was filed with the Comptroller and after examining the complaint, the Court deems paragraphs 13 & 16 as a Notice of Pendency since they contain all the information that one would expect in a Notice of Pendency. Therefore, the lien continues during the pendency of this action." The general contractor, Petosa, and the sureties, St. Paul and Seaboard, appeal from this order.

Kellett's then moved for an order extending the notice of pendency. By order dated January 16, 2001, Justice Joan Madden denied the motion as moot. In particular, the court found that Justice York's order, which deemed the complaint a functional equivalent of a valid notice of pendency, was the "law of the case" and that once a notice of pendency is filed with respect to a public improvement mechanics' lien, it is not necessary to seek an extension since it continues to be valid and effective during the pendency of the action. Petosa, St. Paul and Seaboard also appeal from this order.

In Action No. 2, a related stakeholder proceeding, Techno Construction Corporation (hereinafter Techno), as a judgment creditor of Petosa, sought judgment directing the City to pay Techno the sum of $68,007.71. The City cross-petitioned to determine the rights and priorities to retainage held by it and to direct the distribution of those funds. Likewise, Seaboard and USF&G cross-petitioned, inter alia, for a judgment determining their right and priority to the retainage. Kellett's similarly cross-petitioned for judgment claiming its priority over other unpaid subcontractors under a particular contract since it filed a mechanics' lien.

In a comprehensive decision, Justice Kibbie Payne, inter alia, denied the sureties' application for priority and dismissed their cross petitions, finding that the retainage held by the City in its particular contracts constituted article 3-A trust

funds pursuant to Lien Law article 3-A and that the statute, not the surety agreement, determines priority of claims to the trust fund. The court awarded Techno a judgment in the amount of $68,007.71, with interest, and dismissed the cross petition of Kellett's, reasoning that "the right to share in the available retainage, presupposes the existence of a valid lien." Furthermore, the court found that by not filing a notice of pendency Kellett's failed to establish a valid mechanics' lien. Kellett's appeals and Seaboard and USF&G cross-appeal from this judgment.

The aforesaid appeals of the orders of Justices York and Madden and the judgment of Justice Payne were consolidated for this appeal.

Although the Lien Law is to be "construed liberally" and "substantial compliance" thereof shall be sufficient in particular situations (Lien Law § 23), such rules of liberal construction and substantial compliance cannot supplant the clear mandatory language of Lien Law § 18, i.e., that a lien shall not continue longer than six months unless a lien foreclosure action is commenced and a notice of pendency is filed. The notice of pendency is clearly an indispensable requirement to the continuation of a lien and the lack of any notice of pendency is a fatal omission.

Accordingly, the motion court erred in deeming the summons and complaint a notice of pendency and the resulting order is reversed and the action dismissed. The appeal from the order of Justice Madden, which was predicated in part upon the erroneous determination that a valid lien existed as "law of the case," is thereby rendered academic.

Inasmuch as the trial court in Action No. 2 determined that Kellett's failed to have a valid lien, this Court agrees that Kellett's had no superior priority to any retainage. Since priority was the only issue properly before the court, the trial court's finding that Kellett's "right to share in the available retainage presupposes the existence of a valid lien" constitutes dicta and is not determinative on the issue of its ultimate right of recovery. Kellett's may still have viable claims to retainage as an article 3-A trust beneficiary.

The judgment is modified to the extent that the amount of $68,007.71 awarded to Techno is reduced to the amount of $1,151.90, which represents the amount of the balance of retainage funds available to Techno with respect to Contract Nos. 9010644, 9011598 and 9010483 (*see generally, City of New York v Cross Bay Contr. Corp.*, 93 NY2d 14).

Further, the judgment is modified so as to award USF&G

the sum of $31,681.55 under the Forest Hill Road contract retainage, which was free of potential trust claims. USF&G is entitled to priority with respect to this contract since it paid other potential trust claimants and has priority over Techno, which is merely a judgment creditor and not an article 3-A trust beneficiary. Concur—Williams, J.P., Saxe, Ellerin, Lerner and Friedman, JJ.