JAMES A. DIETZ, Plaintiff, v COMPASS PROPERTY MANAGEMENT CORPORATION et al., Defendants and Third-Party Plaintiffs-Respondents. SIEGEL LANDSCAPE SERVICE, INC., Third-Party Defendant-Appellant. [794 NYS2d 766]—

Appeal from an order of the Supreme Court, Erie County (Nelson H. Cosgrove, J.), entered September 22, 2004 in a personal injury action. The order, insofar as appealed from, granted the motion of third-party plaintiffs for summary judgment on their third-party claim for contractual indemnification and denied the cross motion of third-party defendant for summary judgment dismissing the third-party complaint.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion for summary judgment is denied, the cross motion for summary judgment is granted and the third-party complaint is dismissed.

Memorandum: Plaintiff commenced an action seeking damages for injuries he sustained while working for third-party defendant on property owned by defendant-third-party plaintiff Evergreen Townhouses Homeowners Association, Inc. (Evergreen) and managed by defendant-third-party plaintiff Compass Property Management Corporation (Compass) (collectively, Evergreen plaintiffs). Plaintiff's employer, sued as Siegel Landscape Service, Inc. (SLS), contracted with Evergreen to perform drainage work on the property, and the terms of the contract were negotiated by Compass on behalf of Evergreen. The contract, on a form prepared by SLS, contained a printed page of conditions ending with the statements that SLS would "assume all responsibilities for Compensation and Liability" and that it was "fully insured by State Insurance Fund & CNA." Based on those provisions in the contract, the Evergreen plaintiffs tendered the defense of that action to SLS. Upon the refusal of SLS to defend and indemnify the Evergreen plaintiffs, they commenced this third-party action, alleging a breach of contract and seeking indemnification.

Following discovery, the Evergreen plaintiffs moved for sum-

mary judgment seeking "an order requiring [SLS] to indemnify them under the contractual indemnification provision." SLS cross-moved for summary judgment dismissing the third-party complaint or, alternatively, for an order denying the Evergreen plaintiffs' motion for summary judgment. We conclude that Supreme Court erred in granting the motion of the Evergreen plaintiffs and in denying the cross motion.

After giving effect and meaning to every term (*see Village of Hamburg v American Ref-Fuel Co. of Niagara*, 284 AD2d 85, 89 [2001], *lv denied* 97 NY2d 603 [2001]) and strictly construing the contract "to avoid reading into it a duty which the parties did not intend to be assumed" (*Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]), we conclude that the contract does not "evince[ ] an 'unmistakable intention' to indemnify" (*Matter of Heimbach v Metropolitan Transp. Auth.*, 75 NY2d 387, 392 [1990]; *see Hooper Assoc.*, 74 NY2d at 491-492). Present—Pigott, Jr., P.J., Gorski, Smith, Pine and Lawton, JJ.