■ BLAYLOCK & PARTNERS, L.P., Respondent-Appellant, v 609 FIFTH AVENUE PARTNERS L.L.C., Appellant-Respondent, et al., Defendant. [816 NYS2d 434]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered January 31, 2005, which, to the extent appealed from as limited by the briefs, granted the cross motion of plaintiff Blaylock & Partners, L.P. (Blaylock), for summary judgment in the amount of $668,514.66, and awarded defendant 609 Fifth Avenue Partners L.L.C. (FAP) attorneys' fees incurred in connection with its motion for partial summary judgment, unanimously modified, on the law and the facts, to vacate the award of attorneys' fees to FAP, and otherwise affirmed, without costs.

As a matter of law, the release language in the parties' surrender and cancellation of lease agreement, whereby Blaylock agreed to assign its sublease to FAP in exchange for valuable consideration, released Blaylock from its sublease obligation to pay one half of that consideration to FAP. Blaylock was released from all sublease obligations that accrued from and after the assignment, including the sublease provision obligating Blaylock as sublessee-assignor to pay FAP, as sublessor, 50% of all sums and consideration which FAP, as assignee, paid Blaylock, as assignor, by reason of the assignment. Accordingly, the court properly granted Blaylock's cross motion for summary judgment as to the funds remaining in the escrow account.

Supreme Court erred, however, in awarding attorneys' fees to FAP in connection with its counterclaim to recover $151,612.90 (the subject sum), the amount owed to FAP pursuant to paragraph 2 (e) of the agreement. In order to justify an award of contractual attorneys' fees, the claimant must prevail on the central claims it advances, and receive substantial relief as a consequence thereof (*see Board of Mgrs. of 55 Walker St. Condominium v Walker St.*, 6 AD3d 279, 280 [2004]).[1]

Even assuming that FAP's central claim in this action

---

[1] Another condition to receipt of attorneys' fees is prescribed by the parties' agreement. In relevant part, it states that "[i]n the event any party . . .

concerned its entitlement to the subject sum—not its entitlement to 50% of the sums it paid Blaylock for the assignment—FAP would not be entitled to attorneys' fees. Blaylock was awarded summary judgment on its cause of action to recover the disputed portion of the escrow account. The relief obtained by FAP (i.e., $151,612.90) is dwarfed by that obtained by Blaylock (i.e., $668,514.66), and the marginal significance of the relief obtained by FAP is further diminished by Blaylock's concession both before and during this litigation that FAP was entitled to the subject sum.[2] We need not determine whether a party has "prevailed" for the purpose of an award of "reasonable" attorneys' fees on a claim or counterclaim when the outcome is conceded and never in doubt. More to the point, FAP is in no better position as a result of this litigation. Because FAP did not receive substantial relief as a result of Supreme Court's disposition of the motion and cross motion, the award of attorneys' fees to FAP should be vacated. Concur—Marlow, J.P., Nardelli, Williams, Sweeny and McGuire, JJ.

is *required* to institute any litigation to enforce its rights [under the agreement] . . . and prevails in such litigation, such party shall be entitled to collect its reasonable attorneys' fees . . . " (emphasis added). In light of our determination that FAP did not receive substantial relief as a consequence of this litigation, we need not address the question of whether FAP was "required" in any meaningful sense to institute litigation (i.e., assert its counterclaim to recover the subject sum) despite Blaylock having conceded at all times that FAP was entitled to the subject sum.

2. The only challenge Blaylock raised to FAP's entitlement to the subject sum was its request that Supreme Court treat it as a contingent sum that was subject to an offset of Blaylock's litigation costs. Although this request technically was denied, Supreme Court granted Blaylock's motion for attorneys' fees based upon Blaylock having prevailed on the issue of entitlement to the disputed portion of the escrow account. Supreme Court severed the issue of the parties' attorneys' fees and referred the matter to a referee. Additionally, Supreme Court held the entry of the judgment in abeyance pending the resolution of the issue of attorneys' fees. Thus, Supreme Court essentially adopted Blaylock's position that disbursement of the subject sum to FAP was contingent.