■ L&L MECHANICAL SERVICES, INC., Appellant, v GARADICE, INC., Respondent, et al., Defendant. [899 NYS2d 205]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered August 17, 2009, which granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, the motion denied with respect to the first through fourth causes of action, which are reinstated, and otherwise affirmed, without costs.

Plaintiff was hired by defendant general contractor to provide plumbing and HVAC (heating, ventilating and air conditioning) services for the construction of defendant Miller's residence. Since plaintiff was concededly not a licensed master plumber, it subcontracted with Bronx Water and Sewer, which was, to install a sewer line from the street to the house, and also hired Wagner and Ziv Plumbing, another licensed master plumber, to supervise the remaining plumbing work of plaintiff's workers. When the job was finished, defendants refused to pay the outstanding invoices.

Defendants averred that none of the plumbing work was performed by, or under the direct and continuing supervision of, a master plumber (*see* Administrative Code of City of NY § 26-142 [a] [1]). The general contractor's principal claimed he was on the site regularly and never saw any master plumber supervising activities, although he did observe plaintiff's workers engaged in plumbing work. In granting summary judgment, the court found it undisputed that plaintiff was not a licensed master plumber.

There are no allegations, nor did the court find, that plaintiff's HVAC work fell under the Administrative Code's licensing requirements for plumbers or any other relevant services. Defendants were thus not entitled to summary judgment on plaintiff's claim for monies due and owing in connection with those services. Moreover, how much of the outstanding invoice balances pertain to the completed HVAC work remains unresolved.

Plaintiff does not claim it performed the work on the sewer line, but rather maintains it hired the properly licensed Bronx Water and Sewer to perform that work. Just as the general

contractor, which was not licensed as a plumber, subcontracted the sewer line work to plaintiff, the latter allegedly subcontracted that work to a licensed master plumber, whom plaintiff subsequently paid. Defendants have not substantively controverted plaintiff's claims in this regard, which are supported by the inclusion in the record of the agreement between plaintiff and the plumbing subcontractor. Since plaintiff contracted with defendants to provide plumbing *services*, rather than performance, and since the performance in this regard was purportedly provided by a licensed master plumber, it cannot be concluded that the Administrative Code's licensing provisions were violated in this regard. However, plaintiff failed to adequately rebut defendants' factual averments, except in conclusory and unsupported terms, with respect to the performance of the remainder of the plumbing work, especially with regard to the nature and scope of the purported supervision by Wagner and Ziv, supporting the conclusion that the Code's licensing provisions may have been violated to this extent. But such a violation would not have warranted forfeiture of plaintiff's fee on this basis (*Matter of Migdal Plumbing & Heating Corp. [Dakar Devs.]*, 232 AD2d 62, 65 [1997], *lv denied* 91 NY2d 808 [1998]). Even were we to conclude that plaintiff's inadequate showing entitled defendants to dismissal of the claims as they related to that aspect of the plumbing, there would again remain unresolved factual issues regarding what portion of those outstanding balances pertained to the plumbing or to the HVAC work.

Plaintiff's failure to file an affidavit regarding its service of the notice of lien upon the general contractor (*see* Lien Law § 11) constituted a fatal defect to the lien (*146 W. 45th St. Corp. v McNally*, 188 AD2d 410 [1992]; *Matter of Hui's Realty v Transcontinental Constr. Servs.*, 168 AD2d 302 [1990], *lv denied* 77 NY2d 810 [1991]), as did its failure to comply with Lien Law § 17 with respect to untimely filing of the notice of pendency (*see Kellett's Well Boring v City of New York*, 292 AD2d 179 [2002]). Concur—Tom, P.J., Mazzarelli, Acosta, DeGrasse and Richter, JJ.