# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**449**

**CA 11-02262**

PRESENT: SMITH, J.P., LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

COLONIAL SURETY COMPANY, PLAINTIFF-APPELLANT,

V                                                          MEMORANDUM AND ORDER

GENESEE VALLEY NURSERIES, INC., ET AL.,
DEFENDANTS,
AND PAUL W. O'BRIEN, DEFENDANT-RESPONDENT.

---

UNDERBERG & KESSLER LLP, BUFFALO (EDWARD P. YANKELUNAS OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

PAUL W. O'BRIEN, DEFENDANT-RESPONDENT PRO SE.

---

Appeal from an order of the Supreme Court, Allegany County (Thomas P. Brown, A.J.), entered January 26, 2011. The order denied plaintiff's motion to amend a second amended judgment to include additional attorneys' fees, interest and other costs.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating that part denying plaintiff's motion insofar as it sought to amend the second amended judgment to include additional attorneys' fees that plaintiff incurred in attempting to collect upon that judgment and to prevent defendant from fraudulently discharging that judgment in bankruptcy and granting the motion to the extent that it seeks reasonable attorneys' fees and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Allegany County, for further proceedings in accordance with the following Memorandum: Plaintiff commenced this action seeking damages pursuant to an indemnification agreement with, inter alia, defendants. Supreme Court subsequently struck the answer of Paul W. O'Brien (defendant) based on his failure to comply with an order directing him to post a certain amount of money as security for his obligations pursuant to the indemnification agreement, and the court entered judgment against him, followed by an amended judgment and a second amended judgment. We agree with plaintiff that Supreme Court erred in denying those parts of its motion to amend the second amended judgment to include additional attorneys' fees that plaintiff incurred in attempting to collect upon that judgment and to prevent defendant from fraudulently discharging that judgment in bankruptcy. We therefore modify the order accordingly, and we remit the matter to Supreme Court to calculate the amount of reasonable attorneys' fees to be awarded to plaintiff.

Initially, we note that plaintiff has not presented any argument

on appeal concerning that part of its motion seeking to increase the amount of damages awarded in the second amended judgment by adding certain postjudgment interest, and it therefore is deemed to have abandoned that issue (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

"Under the general rule, attorney[s'] fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule" (*Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491). "[A] contract assuming th[e] obligation [to indemnify with respect to attorneys' fees] must be strictly construed to avoid reading into it a duty [that] the parties did not intend to be assumed" (*Tudisco v Duerr* [appeal No. 2], 89 AD3d 1372, 1376 [internal quotation marks omitted]). Furthermore, a party may not recover attorneys' fees arising from litigation with the other party to a contract unless an intent to provide for such reimbursement "is unmistakably clear from the language of the promise" (*Hooper Assoc.*, 74 NY2d at 492; *see Parkway Pediatric & Adolescent Medicine LLC v Vitullo*, 72 AD3d 1513).

Here, the pertinent part of the indemnification agreement provides that defendant "agree[s] to . . . indemnify and save harmless [plaintiff] from . . . any and all . . . loss, costs, damages or expenses of whatever nature or kind, including fees of attorneys and all other expenses, including . . . costs and fees of . . . attempting to recover losses or expenses from [defendants] or third parties . . ." "If [that] broadly phrased agreement to indemnify did not include legal expenses incurred in [attempting to collect upon a judgment] . . ., it is difficult, if not impossible, to ascertain for what it was that [defendant] had agreed to indemnify" plaintiff (*Breed, Abbott & Morgan v Hulko*, 139 AD2d 71, 73, *affd* 74 NY2d 686). We therefore conclude that it "is unmistakably clear from the language of the [indemnification agreement]" that defendant must indemnify plaintiff for the costs of attempting to enforce that agreement (*Hooper Assoc.*, 74 NY2d at 492), including the attorneys' fees for attempting to collect upon the second amended judgment and to prevent defendant from fraudulently discharging that judgment in bankruptcy.

Plaintiff's remaining contention is academic in light of our determination.

Entered: April 20, 2012                                    Frances E. Cafarell
                                                           Clerk of the Court