Koch v Sheresky, Aronson & Mayefsky LLP (2020 NY Slip Op 03178)





Koch v Sheresky, Aronson & Mayefsky LLP


2020 NY Slip Op 03178


Decided on June 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2020

Friedman, J.P., Kapnick, Kern, Singh, González, JJ.


11591 112337/07

[*1] Vladimira Koch also known as Vlad'ka Koch, et al., Plaintiffs-Appellants,
v
Sheresky, Aronson & Mayefsky LLP, et al., Defendants, D'Agostino & Salvi, LLP, et al., Defendants-Respondents.


Andrew Lavoott Bluestone, New York, for appellants.
Furman Kornfeld & Brennan LLP, New York (Rachel Aghassi of counsel), for respondents.



Judgment, Supreme Court, New York County (Shlomo S. Hagler, J.), entered September 26, 2018, bringing up for review so much of an order of the same court and Justice, entered May 3, 2018, that granted defendants D'Agostino & Salvi, LLP and attorney Frank J. Salvi, Esq.'s (Salvi) motion for summary judgment dismissing the remaining Judiciary Law claim asserted by plaintiff Vladimira Koch (plaintiff) against them and denied plaintiff's cross motion for summary judgment against those defendants, unanimously affirmed, without costs.
In the amended complaint, plaintiff alleged that the Salvi defendants violated Judiciary Law § 487(1) by intentionally deceiving the court in a prior matrimonial action in which they represented plaintiff's former husband, Robert Koch, by allowing Robert to testify at an inquest that there were no children of the marriage, when they knew that plaintiff Michal Koch was Robert's son or had been adopted by Robert.
An attorney violates Judiciary Law § 487(1) by intentionally deceiving the court or any party (see Amalfitano v Rosenberg, 12 NY3d 8, 11-12 [2009]). A claim premised on a violation of Judiciary Law § 487 must be supported by a showing that the attorneys intended to deceive or engaged in a chronic and extreme pattern of legal delinquency (Brookwood Companies, Inc. V Alston & Bird LLP, 146 AD3d 662, 668 [1st Dept 2017]). Thus, to make a prima facie showing that they were entitled to summary judgment on the Judiciary Law claim, defendants were not required to submit an affidavit from a legal expert, but rather, an affidavit from someone with actual knowledge of the allegations at issue suffices (see Boye v Rubin & Ballin, LLP, 152 AD3d 1, 9 [1st Dept 2017]).
Here, plaintiff cannot reasonably argue that defendants failed to submit an affidavit from a person with actual knowledge of the allegations at issue, since they submitted an affidavit from Salvi. In his affidavit, Salvi states that, in the prior
action, Robert testified that there were no children in the marriage because "he disputed [the] validity of the adoption agreement . . . and also did not have any biological children with [his wife]." Salvi adds that, at the time of the testimony, Salvi "had not seen the [adoption judgment] or the purported birth certificate of Michal that lists [Robert] as his father." Thus, defendants have established that they did not intend to deceive the court, nor did they engage in an extreme pattern of legal delinquency.
Plaintiff's reliance on a previous decision issued in October 2008 in the underlying matrimonial action is unavailing, since the court's findings relating to defendants' actions are dicta (see Kellett's Well Boring v City of New York, 292 AD2d 179, 181 [1st Dept 2002]). Further, those findings were premised solely on the fact that Robert acknowledged Michal as a child of the marriage in a settlement proposal, but that proposal has no evidentiary value and is not a concession on behalf of Robert or defendants (CPLR 4547; see PRG Brokerage Inc. v Aramarine Brokerage, Inc., 107 AD3d 559, 560 [1st Dept 2013]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2020
CLERK