Carousel Ctr. Co., LP v Kaufmann's Carousel, Inc. (2021 NY Slip Op 00972)





Carousel Ctr. Co., LP v Kaufmann's Carousel, Inc.


2021 NY Slip Op 00972


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, WINSLOW, AND BANNISTER, JJ.


1067 CA 20-00602

[*1]CAROUSEL CENTER COMPANY, LP, CAROUSEL LEASEHOLD, LLC, AND PYRAMID COMPANY OF ONONDAGA, PLAINTIFFS-RESPONDENTS,
v
KAUFMANN'S CAROUSEL, INC., ALSO KNOWN AS MACY'S, LT PROPCO, LLC, DEFENDANTS-APPELLANTS, AND CITY OF SYRACUSE INDUSTRIAL DEVELOPMENT AGENCY, DEFENDANT-RESPONDENT. 






HARRIS BEACH PLLC, PITTSFORD (DAVID J. EDWARDS OF COUNSEL), AND JACKSON LEWIS P.C., ST. LOUIS, MISSOURI, FOR DEFENDANTS-APPELLANTS.
COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (ROBERT J. SMITH OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 
BARCLAY DAMON LLP, ROCHESTER (MARK R. MCNAMARA OF COUNSEL), AND BOUSQUET HOLSTEIN PLLC, SYRACUSE, FOR DEFENDANT-RESPONDENT. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered October 3, 2019. The order and judgment, among other things, granted the cross motion of plaintiffs Carousel Center Company, LP and Pyramid Company of Onondaga for summary judgment. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by amending the caption to remove Carousel Leasehold, LLC and as modified the order and judgment is affirmed without costs.
Memorandum: In the present declaratory judgment action arising from a longstanding dispute primarily between a shopping mall and department store tenants (see e.g. Kaufmann's Carousel, Inc. v Carousel Ctr. Co. LP, 87 AD3d 1343 [4th Dept 2011], lv dismissed 18 NY3d 975 [2012], rearg denied 19 NY3d 938 [2012]; LT Propco LLC v Carousel Ctr. Co., L.P., 68 AD3d 1697 [4th Dept 2009], lv dismissed in part and denied in part 15 NY3d 743 [2010]; Matter of Kaufmann's Carousel v City of Syracuse Indus. Dev. Agency, 301 AD2d 292 [4th Dept 2002], lv denied 99 NY2d 508 [2003]), Supreme Court, among other things, granted the cross motion of Carousel Center Company, LP and Pyramid Company of Onondaga (plaintiffs) for summary judgment by issuing declarations in their favor related to the contractual obligations of Kaufmann's Carousel, Inc., also known as Macy's (Kaufmann's) and LT Propco, LLC (LT Propco) (collectively, defendants). As limited by their brief, defendants appeal from that part of the order and judgment declaring that plaintiffs are entitled to attorneys' fees, and LT Propco appeals from that part of the order and judgment dismissing its counterclaims seeking alternative declarations.
We reject LT Propco's contention that the court erred in dismissing its counterclaims seeking alternative declarations regarding the definitions of various contractual terms. Pursuant to CPLR 3001, "[S]upreme [C]ourt may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy." "A declaratory judgment action thus requires an actual controversy between genuine disputants with a stake in the outcome, and may not be used as a vehicle for an advisory opinion" (Matter of Green Thumb Lawn Care, Inc. v Iwanowicz, 107 AD3d 1402, 1405 [4th Dept 2013], lv denied 22 [*2]NY3d 866 [2014] [internal quotation marks omitted]; see New York Pub. Interest Research Group v Carey, 42 NY2d 527, 529-532 [1977]; Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C3001:3).
Here, the rationale essential to the court's determination that plaintiffs were entitled to summary judgment did not necessarily depend on, or require definition of, any contractual terms, and LT Propco does not challenge the resulting declarations in plaintiffs' favor. Inasmuch as the court resolved the immediate dispute, the present action "no longer presented a genuine controversy" and, given that "courts may not issue advisory opinions which can have no immediate effect," the court properly dismissed defendants' counterclaims seeking alternative declarations (Matter of United Water New Rochelle v City of New York, 275 AD2d 464, 466 [2d Dept 2000]; see Green Thumb Lawn Care, Inc., 107 AD3d at 1404-1405; Goldfeld v Mattoon Communications Corp., 99 AD2d 711, 712 [1st Dept 1984], appeal dismissed 62 NY2d 802 [1984]). Contrary to LT Propco's further contention, to the extent that the court was obligated under these circumstances to "state its grounds" for declining to issue declarations on the counterclaims (CPLR 3001), we conclude that the court fulfilled that obligation.
Contrary to defendants' contention, the court did not err in declaring that plaintiffs are entitled to attorneys' fees. It is unmistakably clear from the relevant contractual provisions that the prevailing party is entitled to attorneys' fees in any judicial action instituted to enforce the subject contracts, and the court properly determined that the present action sought to enforce those contracts and that plaintiffs prevailed (see Leonard E. Riedl Constr., Inc. v Homeyer, 105 AD3d 1391, 1392 [4th Dept 2013]; Colonial Sur. Co. v Genesee Val. Nurseries, Inc., 94 AD3d 1422, 1424 [4th Dept 2012]; see generally Hooper Assoc. v AGS Computers, Inc., 74 NY2d 487, 492 [1989]). Defendants nonetheless contend that plaintiffs are not entitled to attorneys' fees because they were not required to commence this action and instead should have first resorted to contractual remedies. We reject that contention. Where, as here, "an agreement is negotiated between sophisticated, counseled business people negotiating at arm's length . . . , courts should be extremely reluctant to interpret an agreement as impliedly stating something which the parties have neglected to specifically include" (Global Reins. Corp. of Am. v Century Indem. Co., 30 NY3d 508, 518-519 [2017] [internal quotation marks omitted]). The relevant contractual provisions allow for the award of attorneys' fees to the prevailing party in, without restriction, any judicial action instituted to enforce the subject contracts, and those provisions do not contain language limiting the availability of attorneys' fees to situations in which litigation is "required" (cf. Blaylock & Partners, L.P. v 609 Fifth Ave. Partners L.L.C., 29 AD3d 476, 477 n 1 [1st Dept 2006], lv dismissed 8 NY3d 840 [2007]).
Finally, there is no dispute between the parties that the court, in an attempt to add an entity related to LT Propco as a defendant, mistakenly added ostensible entity "Carousel Leasehold, LLC" as a plaintiff, and that the caption should be amended accordingly. We therefore modify the order and judgment by amending the caption to remove "Carousel Leasehold, LLC" (see generally Matter of Town Bd. of Town of Brighton v West Brighton Fire Dept., Inc., 126 AD3d 1433, 1435 [4th Dept 2015], lv dismissed 26 NY3d 980 [2015]).
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court