G.M. Crisalli & Assoc., Inc. v Prestige Contr., Inc. (2021 NY Slip Op 06220)





G.M. Crisalli & Assoc., Inc. v Prestige Contr., Inc.


2021 NY Slip Op 06220


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


570 CA 20-01126

[*1]G.M. CRISALLI & ASSOCIATES, INC., PLAINTIFF-APPELLANT-RESPONDENT,
v
PRESTIGE CONTRACTING, INC., AND PRESTIGE CONTRACTING, INC., DOING BUSINESS AS SPACE AGE CONSTRUCTION, ALSO KNOWN AS SPACE AGE CONSTRUCTION OF ILLINOIS, DEFENDANTS-RESPONDENTS-APPELLANTS. 






SHEATS & BAILEY, PLLC, LIVERPOOL (PATIENCE E. SCHERMER OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.
BYRNE, COSTELLO & PICKARD, P.C., SYRACUSE (JORDAN R. PAVLUS OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS. 


 Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Gerard J. Neri, J.), entered July 7, 2020. The order denied the motion of defendants for summary judgment and denied the cross motion of plaintiff for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the cross motion and dismissing the counterclaim, and as modified the order is affirmed without costs.
Memorandum: In late 2015, Wal-Mart Stores, Inc. (Walmart) contracted with plaintiff to serve as general contractor on a construction project in Pennsylvania. Thereafter, plaintiff subcontracted with defendants to perform painting and sealing work on the project. As relevant on appeal, the subcontract contained a provision obligating defendants to pay attorneys' fees incurred by plaintiff, in some circumstances, stemming from litigation or arbitration relating to the subcontract. Eventually, plaintiff determined that defendants breached the subcontract, and backcharged them in the amount needed to complete the work on the project under the subcontract. Defendants filed a mechanic's lien for the work performed and materials they provided on the project. Eventually, they commenced an action in Pennsylvania against Walmart to foreclose on the lien (Pennsylvania action). Pursuant to an indemnification clause contained in its contract with Walmart, plaintiff was obligated to defend and indemnify Walmart in the Pennsylvania action. Walmart ultimately prevailed at arbitration in the Pennsylvania action.
Thereafter, plaintiff commenced this action for contractual indemnification, alleging, inter alia, that defendants were obligated under the subcontract to reimburse plaintiff for the attorneys' fees and costs plaintiff incurred in defending Walmart in the Pennsylvania action. In their answer, defendants asserted a counterclaim for attorneys' fees. Plaintiff appeals, and defendants cross-appeal, from an order that denied plaintiff's cross motion for summary judgment on liability on the complaint and to dismiss the counterclaim, and denied defendants' motion for summary judgment dismissing the complaint.
"[A] contract assuming th[e] obligation [to indemnify] must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed . . . In other words, we may not extend the language of an indemnification clause to include damages which are neither expressly within its terms nor of such character that it is reasonable to infer that they were intended to be covered under the contract" (Autocrafting Fleet Solutions, Inc. v Alliance Fleet [*2]Co., 148 AD3d 1564, 1565-1566 [4th Dept 2017] [internal quotation marks omitted]; see Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]). "The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent . . . The best evidence of what parties to a written agreement intend is what they say in their writing . . . Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms . . . A contract is unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion . . . Thus, if the agreement on its face is reasonably susceptible of only one meaning, a court is not free to alter the contract" (Greenfield v Philles Records, 98 NY2d 562, 569-570 [2002] [internal quotation marks omitted]; see Potter v Grage, 133 AD3d 1248, 1249 [4th Dept 2015]).
Here, we agree with plaintiff on its appeal that Supreme Court erred in denying that part of the cross motion seeking summary judgment on liability because the subcontract is susceptible of only one meaning, i.e., that, under the circumstances of this case, defendants were obligated to pay the attorneys' fees plaintiff incurred in the Pennsylvania action. The court failed to properly consider those parts of the subcontract's indemnification clause stating that defendants would indemnify plaintiff for attorneys' fees incurred as a result of litigation or arbitration. "After giving effect and meaning to every term . . . and strictly construing the [sub]contract to avoid reading into it a duty which the parties did not intend to be assumed" (Dietz v Compass Prop. Mgt. Corp., 17 AD3d 1119, 1120 [4th Dept 2005], lv denied 5 NY3d 711 [2005] [internal quotation marks omitted]), we conclude that it "is unmistakably clear from the language of the [subcontract]" that defendants must indemnify plaintiff for attorneys' fees incurred in the Pennsylvania action (Hooper Assoc., 74 NY2d at 492; see Colonial Sur. Co. v Genesee Val. Nurseries, Inc., 94 AD3d 1422, 1424 [4th Dept 2012]). We therefore modify the order accordingly.
We reject defendants' contention on their cross appeal that their motion should have been granted on the ground that the court lacked subject matter jurisdiction over the complaint. Specifically, defendants asserted on their motion that the subcontract's forum and venue selection clause was unenforceable because it violated Pennsylvania's Contractor and Subcontractor Payment Act (CSPA) (see 73 Pa Stat Ann § 514). Contrary to defendants' contention, the CSPA has no application here, inasmuch as plaintiff's claim is based not on the nonpayment for construction work, but rather on the indemnification of attorneys' fees (see Stivason v Timberland Post and Beam Structures Co., 2008 Pa Super 88, ¶ 14, 947 A2d 1279, 1283 [2008]). We also reject defendants' contention on their cross appeal that they are entitled to summary judgment dismissing the complaint based on the voluntary payment doctrine. That doctrine does not apply here because plaintiff did not voluntarily pay Walmart's attorneys' fees for the Pennsylvania action; rather, plaintiff was obligated to do so by the terms of the contract between those entities (see generally Nesterczuk v Goldin Mgt., Inc., 77 AD3d 800, 804 [2d Dept 2010]).
Finally, we agree with plaintiff on its appeal that the court erred in failing to grant that part of the cross motion seeking dismissal of defendants' counterclaim for attorneys' fees. Plaintiff met its initial burden on the cross motion in that respect by establishing that there is no provision in the subcontract that allows defendants to recover attorneys' fees, nor is any such recovery otherwise permitted by statute (see generally Colonial Sur. Co., 94 AD3d at 1423; Palermo v Taccone, 79 AD3d 1616, 1619 [4th Dept 2010]). In opposition, defendants failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We therefore further modify the order accordingly.
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court