Penn Hydro, Inc. v B.V.R. Constr. Co., Inc. (2023 NY Slip Op 04028)

Penn Hydro, Inc. v B.V.R. Constr. Co., Inc.

2023 NY Slip Op 04028

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, BANNISTER, AND GREENWOOD, JJ.

437 CA 22-01626

[*1]PENN HYDRO, INC., PLAINTIFF-RESPONDENT,
v
B..R. CONSTRUCTION COMPANY, INC., AND UNITED STATES FIRE INSURANCE COMPANY, DEFENDANTS-APPELLANTS. 

ADAMS LECLAIR LLP, ROCHESTER (ANTHONY J. ADAMS, JR., OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
BABST CALLAND, PITTSBURGH, PENNSYLVANIA (DAVID E. WHITE, ADMITTED PRO HAC VICE, OF COUNSEL), AND BARCLAY DAMON LLP, ROCHESTER, FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered October 6, 2022. The order denied the motion of defendants for summary judgment dismissing the amended complaint and for costs and attorney's fees. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, that part of the motion seeking summary judgment dismissing the amended complaint is granted, the amended complaint is dismissed and the matter is remitted to Supreme Court, Monroe County, to determine that part of the motion seeking costs and attorney's fees.
Memorandum: In anticipation of bidding for a large public works project, defendant B.V.R. Construction Company, Inc. (BVR) sought proposals from subcontractors. Plaintiff, Penn Hydro, Inc., submitted a proposal for concrete demolition work on the project, which stated that the pricing was "based on removal of approximately 4,000 psi concrete." That pricing proposal was later attached as an exhibit to the subcontract executed between BVR and plaintiff, and plaintiff agreed to accept the prices set forth in that exhibit. The subcontract further provided that plaintiff accepted responsibility for inspecting the "conditions that could affect the [s]ubcontract [w]ork at the [p]roject site" and was not relying on any representations made by BVR or its officers, agents, or employees regarding those conditions. Defendant United States Fire Insurance Company (USFIC) is the surety of a payment bond related to the subcontract.
After plaintiff commenced work, it learned that the psi strength of the concrete at various locations was greater than 4,000, and it sought additional compensation from BVR for its work. When additional compensation was not forthcoming, plaintiff commenced this action, asserting a breach of contract cause of action against BVR, a cause of action against BVR and USFIC under the payment bond, and a cause of action against BVR and USFIC seeking recovery under a mechanic's lien. Following discovery, defendants moved for summary judgment dismissing the amended complaint and for costs and attorney's fees. Supreme Court denied the motion. Defendants appeal, and we now reverse.
"The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent . . . The best evidence of what parties to a written agreement intend is what they say in their writing . . . Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms . . . A contract is unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion . . . Thus, if the agreement on its [*2]face is reasonably susceptible of only one meaning, a court is not free to alter the contract" (Greenfield v Philles Records, 98 NY2d 562, 569-570 [2002] [internal quotation marks omitted]; see G.M. Crisalli & Assoc., Inc. v Prestige Contr., Inc., 199 AD3d 1307, 1308-1309 [4th Dept 2021]).
Here, we agree with defendants that the subcontract is "reasonably susceptible of only one meaning" and, as a result, we are "not free to alter the [sub]contract" (G.M. Crisalli & Assoc., Inc., 199 AD3d at 1309 [internal quotation marks omitted]). We note that the exhibit attached to the subcontract provided only one estimate of pricing. Although that was "based on" 4,000 psi, the subcontract provided no further statement regarding any "cognizable formula" by which a different price could be ascertained (Dahm v Miele, 136 AD2d 586, 587 [2d Dept 1988]). We thus agree with defendants that the price established in the subcontract was a set price, and not contingent on psi strength.
Where, as here, the contract establishes a set price, and a party assumes responsibility for inspecting the construction site to determine what conditions could affect the work, that party is charged with the knowledge such an inspection would have revealed (see Mid-State Indus., Ltd. v State of New York, 117 AD3d 1255, 1256-1257 [3d Dept 2014]; Kenaidan Constr. Corp. v County of Erie, 4 AD3d 756, 757 [4th Dept 2004]; Costanza Constr. Corp. v City of Rochester, 147 AD2d 929, 929 [4th Dept 1989], appeal dismissed 74 NY2d 714 [1989], 83 NY2d 950 [1994]), even if the pricing is based on approximations of the quantity of the material or labor needed to complete the work (see Owners Realty Mgt. & Constr. Corp. v Board of Educ. of City of N.Y. [P.S. 41 Manhattan], 192 AD2d 471, 472 [1st Dept 1993]). Inasmuch as defendants established as a matter of law that plaintiff was bound by the set pricing of the subcontract, we conclude that defendants met their burden of establishing that plaintiff was not entitled to any additional compensation when it learned that the psi strength was much greater than 4,000 psi. It follows that the court erred in denying defendants' motion insofar as it sought summary judgment dismissing the causes of action for breach of contract and for recovery under the payment bond.
Based on our determination on the first and second causes of action, we do not address defendants' contention that plaintiff failed to comply with the notice provisions of the subcontract.
Defendants further contend that the court erred in denying that part of their motion with respect to the mechanic's lien due to the fact that plaintiff did not file a notice of pendency and therefore failed to comply with Lien Law § 18. We agree.
As a preliminary matter, we conclude that the court erred in determining that defendants waived the defense of failure to comply with Lien Law § 18 by failing to raise the issue in their answer as an affirmative defense. CPLR 3018 (b) provides that "[a] party shall plead all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading." It is well settled that "[a] court may grant summary judgment based upon an unpleaded defense where[, as here,] reliance upon that defense neither surprises nor prejudices the plaintiff" (D & M Concrete, Inc. v Wegmans Food Mkts., Inc., 133 AD3d 1329, 1330 [4th Dept 2015], lv denied 27 NY3d 901 [2016] [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Prime, L.L.C., 125 AD3d 1307, 1308 [4th Dept 2015]). We conclude that any allegation that plaintiff failed to comply with Lien Law § 18 would not have taken plaintiff by surprise or prejudiced plaintiff.
As a further preliminary matter, we conclude that the court erred in determining that defendants waived the defense of failure to comply with Lien Law § 18 by failing to raise the lack of a notice of pendency in their initial motion. We conclude that defendants raised the absence of a notice of pendency in their memorandum of law in support of the motion.
With respect to the merits, we note that Lien Law § 18 provides, in pertinent part, that where, as here, a lien is filed with respect to labor or materials related to "a public improvement," the lien "shall not continue for a longer period than one year from the time of filing the notice of such lien, unless an action is commenced to foreclose such lien within that time, and a notice of the pendency of such action is filed with the comptroller of the state or the financial officer of the public corporation with whom the notice of such lien was filed; or unless an extension to such [*3]lien is filed with the comptroller of the state or the financial officer of the public corporation with whom the notice of such lien was filed within one year from the filing of the original notice of lien, continuing such lien and such lien shall be redocketed as of the date of filing such extension" (emphasis added; see also Lien Law §§ 17, 19).
"The notice of pendency is clearly an indispensable requirement to the continuation of a lien and the lack of any notice of pendency is a fatal omission" (Kellett's Well Boring v City of New York, 292 AD2d 179, 181 [1st Dept 2002]). If neither an extension to the lien nor a notice of pendency of an action to foreclose is filed within the statutory period, and an extension of the lien is not obtained by order of a court, then "the lien automatically expires by operation of law, becoming a nullity and requiring its discharge" (Aztec Window & Door Mfg., Inc. v 71 Vil. Rd., LLC, 60 AD3d 795, 796 [2d Dept 2009] [emphasis added]; see Gallo Bros. Constr. v Peccolo, 281 AD2d 811, 813 [3d Dept 2001]).
Where, as here, a plaintiff has timely commenced an action, yet failed to timely file a notice of pendency, the lien expires as a matter of law (see Aztec Window & Door Mfg., Inc., 60 AD3d at 796; Luzon v Perlman, 255 AD2d 162, 162 [1st Dept 1998]). It is undisputed that plaintiff never filed a notice of pendency, and plaintiff does not contend that it filed a timely extension, or sought and received a court-ordered extension of the lien. We thus conclude that defendants were entitled to summary judgment dismissing the third cause of action.
Finally, because the court did not reach that part of defendants' motion seeking costs and attorney's fees, we remit the matter to Supreme Court to determine that part of the motion.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court